*358 The opinion of the Court was delivered by
Glover, J.
The foundation of actions against administrators and their sureties, in this Court, is the bond of the administrator, and not a decree of the Ordinary. Persons sustaining injury by a breach of the bond are allowed to submit the condition to a jury, and recover such damages as the evidence may warrant. The liability of the obligors can be ascertained only by reference to the condition, which prescribes the duties of the administrator, the non-performance of which gives the right of action against him and his sureties. By his obligation he assumes to make a true and perfect inventory of the goods, chattels and credits of the deceased ; to administer the same according to law ; to make a just and true account of his actings and doings when required ; and all the rest and residue of the said goods, chattels and credits, which shall be found remaining upon the account of his administration, the same being first allowed by the said Court, to deliver and pay unto such persons, respectively, as are entitled to the same by law. A default of the administrator in respect to any of the duties, which he has thus assumed to discharge, is a breach of his bond: — the condition defining his duties, and the penalty furnishing a security for their performance.
The character of the liability having been ascertained, the next enquiry is, what evidence is necessary to establish it. The amount of damages claimed by creditors for the alleged breach of an administration bond, and the ultimate responsibility of the sureties, may require proof which would be insufficient where distributies are parties. This distinction was noticed in the case of the Ordinary vs. Hunt, (1 McM. 380.) “ When the suit on the bond is for the distributee, an account before some tribunal is necessary, in order to ascertain for what sum, after the payment of debts, the administrator is liable. A creditor sueing on the bond has only to establish his debt against the estate of the intestate, and shew that assets have come to the hands of the administrator sufficient to pay it, which have been misapplied.”
In the cases before the Court, judgments had been recovered *359 by the plaintiffs against the intestate, in his life time, which fully established their debts, and it was only necessary further to shew a sufficiency of assets to pay them, and that they had been wasted or misapplied. The Ordinary’s decree, although very defective in form, was accompanied with a statement, prepared from the returns of the administrator, which shewed assets in his hands sufficient to satisfy these judgments, besides a balance applicable to the payment of other creditors. These judgments being still unpaid, it is manifest that he has failed to administer according to law the goods, chattels and credits of the deceased, which have come to his hands, and that he has either wasted or misapplied them. An indulgence of twelve months is extended to him to ascertain the debts due to and by his intestate, and he is exempt from suit for nine months, a forbearance which would be abused, should he neglect, within the time limited, to make preparation for a speedy settlement of the estate. His first duty is to collect the assets and make them available in the payment of the debts. If he has fully administered, or has only so much as will pay preferred creditors, he can by his plea protect himself from an alleged breach of his bond. If the administrator, contrary to his express undertaking, shall delay or neglect to pay the debts of the deceased, the distributees must be postponed in the receipt of their respective shares. It is the duty of this Court to remove all difficulties unnecessarily interposed, and to prevent all delays occasioned by the neglect of their duty by administrators, calculated to prejudice creditors and distributees, in the prosecution of their legal rights.
The amount of the plaintiffs’ damages was proved by the executions, which they offered in evidence, and the ability of the administrator, Johnsey, to satisfy them, is admitted by his returns made to the Ordinary, and which were the foundation of his decree. “ The rest and residue of the goods, chattels and credits, which shall be found remaining upon the account of his administration, the same being first allowed by the said Court,” the administrator is “ to deliver and pay unto such persons, respectively, as are entitled to the same by law.” The persons *360 here intended are those who may claim as distributees under the Act of 1791: and to ascertain them and their respective interests, may require a decree from the Court of Ordinary.
It was objected that these actions were prematurely brought, because they were commenced before the Ordinary had made his decree. In the case of the Ordinary vs. Jones, (4 McC. 113,) Judge Colcock does come to that determination, but he confessed with some difficulty. This Court, however, several years after, in the case of the Ordinary vs. Hunt, before referred to, came to a different conclusion. Judge Earle delivering the opinion, says — “ Yet, I think there are some errors prevailing among the profession on this subject, as I think there are some ill-considered dicta scattered through the cases. One of these is, that no action at all can be maintained on the administration bond against the sureties, until the administrator has been cited before the Ordinary to account, aird there has been a decree against him.” A Court of law will not assume to determine an issue in which the settlement of accounts is involved; but will leave with the Ordinary his appropriate duty of adjusting the administrator’s accounts and making a decree which will exhibit the condition of the estate. The Ordinary’s decree is the best evidence to shew the extent of the administrator’s liability; but it does not follow that the making of it is a condition precedent to the commencement of an action on his bond. It is intimated, in the Ordinary vs. Mortimer, (4 Rich. 271,) that the failure of the administrator to account after citation, is a breach of his bond, for which his sureties may be sued.
This Court concurs with the Circuit Judge, respecting the proceeds of the sale of the real estate, paid by the Ordinary to the administrator, and that, deducting the proceeds of said sale, there was abundant evidence shewing sufficient assets to pay the judgment creditors, for whose benefit these actions were brought.
The finding of the jury was, therefore, manifestly against the evidence, and the motion for a new trial is granted.
O’Neall, Wardlaw, Frost and Whitkter, JJ., concurred.

Motion granted.